UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL PINA, individually<br><br>                          Plaintiff,<br>   v.<br><br>UNITED STATES OF AMERICA *ex rel.* UNITED STATES POSTAL SERVICE; DOE DRIVER, individually, DOE COMPANIES 1 THROUGH 10, and DOES 11 THROUGH 20, inclusive<br><br>                         Defendants. | Case No. 2:22-cv-01946-ART-VCF<br><br>ORDER |

      Plaintiff Daniel Pina filed a complaint pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671–80, seeking damages for personal injury allegedly caused when a United States Postal Service mail truck negligently collided with him while he was riding a bicycle. (ECF No. 1).

      Defendant United States of America now moves under Fed. R. Civ. P. 12(b)(1), (b)(6), (f), and the Federal Tort Claims Act ("FTCA") to dismiss certain defendants, claims, and prayers for relief. (ECF No. 5).

      For the reasons stated, the Court grants in part and denies in part Defendant's Motion to Dismiss.

I.    **BACKGROUND**

      This case arises from a collision on May 28, 2020, between a United States Postal Service ("USPS") mail truck and a bicycle operated by Plaintiff. According to his complaint, on March 23, 2022, Plaintiff mailed a claim to the USPS's Claim and Tort Litigation Division as required by 28 U.S.C. 2401(b). (ECF No. 1). After waiting six months for USPS to issue a decision on his claim, Plaintiff filed this action on November 21, 2022, invoking the FTCA as the basis for subject matter jurisdiction.  Plaintiff alleges in his complaint that due to the negligent operation

of the mail truck by the driver, he suffered personal injury, incurred medical costs, and will continue to incur medical costs and other damages into the future.

Plaintiff sues the United States, the USPS, the mail truck driver as a Doe Defendant, and various other Doe Defendants and alleges claims for negligence, negligence per se, and respondeat superior. Plaintiff's prayer for relief includes a request for attorney's fees and prejudgment interest at the statutory rate.

Defendant United States of America filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (b)(6), (f), and the FTCA. (ECF No. 5). Defendant argued that the United States of America is the only proper defendant in an FTCA claim, that the Court lacks subject matter jurisdiction over the negligence per se and respondeat superior claims for relief, and that the FTCA does not permit separate awards for attorney's fees and prejudgment interest.

Plaintiff opposed the motion (ECF No. 8) and Defendant replied (ECF No. 9).

## II.    DISCUSSION

Defendant United States asserts that under the FTCA, it is the only properly named defendant, and that while Plaintiff's claim for negligence (claim 1) is valid, his claims for negligence per se (claim 2) and respondeat superior (claim 3) are invalid because they are theories of recovery under Nevada tort law, not standalone claims, and that the FTCA precludes an award of attorney's fees or prejudgment interest. The FTCA provides a statutory waiver of sovereign immunity that authorizes individuals to sue the United States for negligent conduct by an employee of the Government. 28 U.S.C. § 1346(b)(1); *see also Morales v. United States*, 895 F.3d 708, 713 (9th Cir. 2018). While the FTCA unequivocally expresses consent for the United States to be sued, the waiver comes with three limitations that are determinative here: the FTCA only permits the United States, not individual employees or government agencies, to be named as a defendant; allows recovery under state negligence law, i.e. by allowing

recovery for negligent acts by Government employees "in accordance with the law of the place where the act or omission occurred"; and precludes an award of attorney's fees and prejudgment interest. *See* 28 U.S.C. §§ 1346(b)(1), 2674, 2678.

### A. IMPROPERLY NAMED DEFENDANTS

Because the FTCA provides the basis for the Court's subject matter jurisdiction over Plaintiff's personal injury claim, the United States moves to dismiss improperly named defendants for lack of jurisdiction. *See Woods v. United States*, 720 F.2d 1451, 1452 n.1 (9th Cir. 1983). A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges the validity of a legal claim based on a federal court's lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). In cases against the United States, the government enjoys sovereign immunity from lawsuits "save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Testan*, 424 U.S. 392, 399 (1976). Because a waiver of sovereign immunity creates subject matter jurisdiction, when a claim exceeds the scope of the government's waiver of sovereign immunity, "the court lacks subject matter jurisdiction," and the claim must be dismissed under Fed. R. Civ. P. 12(b)(1). *Morales*, 895 F.3d at 713.

Because the FTCA grants federal court jurisdiction to hear "claims against the United States, "[t]he United States is the only proper defendant in an FTCA action." *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) (affirming dismissal of Doe defendants in an FTCA case); *see also Morris v. United States*, 521 F.2d 872, 875 (9th Cir. 1975) (observing that tort claims against federal employees and "were properly dismissed by the district court for lack of subject matter jurisdiction").

Because the Court lacks jurisdiction over Defendants other than the United States in this FTCA action, those other Defendants including the USPS,

the mail truck driver as a Doe Defendant, and other Doe Defendants, are dismissed under Fed. R. Civ. P. 12(b)(1).

### B. NEGLIGENCE PER SE AND RESPONDEAT SUPERIOR CAUSES OF ACTION

Plaintiff alleges negligence per se and respondeat superior as separate causes of action (claims two and three). (ECF No. 1 at 3–4). The FTCA provides for government liability "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Here, the allegedly negligent act occurred in Nevada, so any claim for relief must be cognizable under Nevada state law to be actionable under the FTCA.

Negligence per se is not cognizable as a standalone cause of action under Nevada law. "Under Nevada law, negligence per se is not a separate cause of action, but rather a method of establishing the duty and breach elements of a negligence claim." *Goforth v. Nevada Power Co.*, 101 F. Supp. 3d 975, 978 (D. Nev. 2015) (citing *Cervantes v. Health Plan of Nevada, et al.*, 263 P.3d 261, 264 n. 4 (Nev. 2011) ("negligence and negligence per se . . . are in reality only one cause of action")).

Because there is no separate cause of action in Nevada for negligence per se, the Court does not have jurisdiction to hear that portion of the claim. Accordingly, Plaintiff's negligence per se cause of action (claim 2) is dismissed under Fed. R. Civ. P. 12(b)(1). *See Morales*, 895 F.3d at 716 (dismissing Plaintiff's claim "for lack of subject matter jurisdiction" when the claim fell within an exception to the FTCA's broad waiver of sovereign immunity). Plaintiff may assert that the theory of negligence per se applies within the context of his negligence claim.

Unlike negligence per se, "Nevada does appear to recognize respondeat superior as a cause of action for torts committed by employees." *Gonzalez v.*

*Nevada Dep't of Corr.*, No. 2:12-CV-02143-RFB, 2015 WL 4711108 (D. Nev. Aug. 6, 2015) (citing *Rockwell v. Sun Harbor Budget Suites*, 925 P.2d 1175, 1179 (Nev. 1996)). The FTCA is clear that Government liability is based on "the law of the place" where the negligent act occurred. 28 U.S.C. § 1346(b)(1). Nevada law recognizes respondeat superior as a standalone cause of action. Because the FTCA provides that the United States is vicariously liable for "personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting withing the scope of his office or employment," *Id.*, a separate cause of action alleging respondeat superior may be unnecessary but is consistent with Nevada law. Accordingly, Defendant's Motion to Dismiss the respondeat superior cause of action (claim 3) is denied.

### C.   REQUEST FOR SEPARATE AWARDS OF ATTORNEY'S FEES AND PREJUDGMENT INTEREST

Because the FTCA bars separate awards for attorney's fees and prejudgment interest, Plaintiff fails to state a valid claim for such relief. Fed. R. Civ. P. 12(b)(6) allows for challenges based on a failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.*

But even a facially plausible claim may be dismissed under Fed. R. Civ. P. 12(b)(6) for "lack of a cognizable legal theory." *Solida v. McKelvey*, 820 F.3d 1090, 1096 (9th Cir. 2016). Thus, to survive a motion to dismiss a claim must be both factually plausible and legally cognizable.

The FTCA precludes any award for attorney's fees or prejudgment interest. The FTCA does not contain an express waiver of sovereign immunity for attorney's

fees and expenses. *Anderson v. United States*, 127 F.3d 1190, 1191 (9th Cir. 1997). "[T]he waiver of sovereign immunity is to be construed narrowly so that the government is never held liable for a plaintiff's attorney fees." *Jackson v. United States*, 881 F.2d 707, 712 (9th Cir. 1989). Attorney's fee awards are limited by statute to a portion of the judgment. *See* 28 U.S.C. § 2678 ("No attorney shall charge, demand, receive, or collect for services rendered, fees in excess of 25 per centum of any judgment rendered pursuant to section 1346(b) of this title."). Prejudgment interest is prohibited by statute. *See* 28 U.S.C. § 2674 ("The United States . . . respecting the provisions of this title relating to tort claims . . . shall not be liable for interest prior to judgment.").

Because the FTCA forbids an award of attorney's fees or prejudgment interest, these requests are not legally cognizable. Both the prayer for prejudgment interest and the prayer for attorney's fees are dismissed under Fed. R. Civ. P. 12(b)(6) because neither is legally cognizable under the FTCA.

Alternatively, because the Government has limited its waiver of sovereign immunity with respect to awards of attorney's fees and prejudgment interest, the Court lacks subject matter jurisdiction to make an award contrary to the terms of the FTCA. Thus, the prayer for prejudgment interest and the prayer for attorney's fees may alternatively be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

The Court need not address Defendant's argument for striking the prayers for relief under Fed. R. Civ. P. 12(f) but notes the Ninth Circuit adheres to the view that "Rule 12(f) does not authorize district courts to strike claims . . . on the grounds that such claims are precluded as a matter of law," and that such actions are better suited for a Rule 12(b)(6) motion. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010).

### D. LEAVE TO AMEND

Plaintiff requests leave to amend if the Court dismisses any of Plaintiff's

claims. The Court has discretion to grant leave to amend and should freely do so "when justice so requires." Fed. R. Civ. P. 15(a); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Nonetheless, the Court may deny leave to amend if it will cause: (1) undue delay; (2) undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

Here, it is in the interest of justice to grant Plaintiff leave to amend his complaint where necessary to include all necessary allegations against the United States, consistent with the FTCA and this Order. Thus, Plaintiff's request for leave to amend is granted.

**IV.   CONCLUSION**

The Court will dismiss all Defendants other than the United States from Plaintiff's complaint. The Court will dismiss the second claim for relief, negligence per se. The Court will strike the requests for attorney's fees and prejudgment interest in Plaintiff's prayer for relief.

The Court denies Defendant's Motion to Dismiss Plaintiff's third claim for relief, respondeat superior.

Plaintiff is granted leave to amend his complaint consistent with this Order and the FTCA.

It is therefore ordered that Defendant's Motion to Dismiss (ECF No. 5) is granted in part and denied in part.

DATED THIS 1st day of September 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE